## JORDAN v. HESS.

(Superior Court of New York City, Special Term. July 14, 1893.)

COSTS—EXTRA ALLOWANCE.
    An extra allowance cannot be granted to a party in whose favor no costs are taxable. Couch v. Millard, 41 Hun, 212, followed.

Action by Frank Jordan against Harlem P. Hess. Both parties move for an extra allowance.

S. B. Paul, for plaintiff.
Richards & Brown, for defendant.

GILDERSLEEVE, J. I disposed of the questions of law as they arose upon the trial of this action according to my best judgment. The arguments of counsel upon the motion for a new trial did not convince me that the rulings made should be changed. I, however, reserved decision that I might carefully examine the evidence bearing upon the third cause of action set up in the complaint. The jury found in favor of plaintiff on this cause of action, and, as I recollected the evidence, it seemed to me doubtful if the evidence

would sustain the finding.    In my opinion, proper rules of law were laid down for the guidance of the jury in disposing of the issues arising under that cause of action.    From reading so much of the evidence as is now before me, I am convinced that it was clearly within the province of the jury to find on questions of fact, arising under this issue, either for plaintiff or for defendant.    Since they have found for plaintiff, upon sufficient evidence, the court should not disturb the verdict.    The motion for a new trial must be denied. Defendant's motion for an additional allowance must also be denied. I can find no authority for granting an additional allowance to a party who is not entitled to costs.    An additional allowance cannot be awarded to a party in whose favor no costs can be taxed. Couch v. Millard, 41 Hun, 212.    The plaintiff may have an additional allowance of 5 per cent. on the amount recovered.